

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 FEB 21 ₱ 4: 45

HARBORVIEW MARINA, LLC,            *

      v.                                        *

M/V KOKOMO                          *
her engines, freights, tackle
and apparel,                        *

    Defendant in rem.              *

Civil Action No.
AT BALTIMORE

BY_____DEPUTY

IN ADMIRALTY
WMN 0 2 CV

*    *    *    *    *    *    *    *    *    *    *

## ORDER GRANTING MOTION FOR
## APPOINTMENT OF SUBSTITUTE CUSTODIAN

Plaintiff having appeared and made the following recital:

1.     On February 21, 2002 the complaint herein was filed, requesting that a warrant of

arrest issue for the M/V KOKOMO (hereinafter, the "Vessel").  The Clerk of this Court was

requested to issue the warrant, commanding the United States Marshal for this District to arrest

and take into the custody the Vessel until further Order of this Court respecting the same.

3.     It is contemplated that the United States Marshal will be able to seize the Vessel.

Custody of the Vessel will require the services of one or more keepers.

### Custodian for the Vessel

4.     The Vessel will be berthed at the Port of Baltimore in this District.  In the interest

of allowing the Vessel to remain in the hands of a competent person and to save unnecessary

expenses, plaintiff wishes to have Diane Lavigne, Harbormaster of Harborview Marina, LLC,

where the Vessel presently is berthed, appointed as substitute custodian of said Vessel.

5.      Plaintiff, in consideration of the Marshal's consent to the substitution of custody of the Vessel, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto pertaining and belonging, from the time the Marshal transfers custody of said Vessel over to the substitute custodian, and plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the Vessel.

6.      **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal be authorized and directed to surrender the possession and custody of the Vessel to Ms. Lavigne as substitute custodian for such Vessel and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and held harmless for any and all claims arising whatever out of said substituted possession and safekeeping of the Vessel.

7.      **IT IS FURTHER ORDERED** that the Vessel be allowed to be moved from the location of arrest to another suitable slip within the Port of Baltimore, in this District, as necessary, in order to accommodate the orderly business of the Port.

SIGNED Februrary 20, 2002.

_____
United States District Judge

-2-